PEOPLE *ex rel.* McGowan *v.* MacLean *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.* March 13, 1891.)

MUNICIPAL CORPORATIONS—REMOVAL OF POLICEMEN.

 The general term cannot interfere with the action of the police commissioners in dismissing a policeman for insubordination, where the claim is made that he was insane at the time of the acts complained of, unless it so conclusively appears that his condition of mind was such as to render him irresponsible for his acts that the court would reverse the verdict of a jury.

*Certiorari* to the police commissioners of the city of New York.

Proceedings on the relation of Francis H. McGowan, to review the proceedings of the police commissioners in dismissing the relator from the police force.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*A. S. Warner*, for appellant. *C. F. Collins*, for respondents.

VAN BRUNT, P. J. There is no question but that the proofs establish the fact that the relator was guilty of insubordination and conduct unbecoming an officer, and the only question presented upon this *certiorari* is the claim made on behalf of the relator that he was insane at the time of doing the acts. We have examined the record, and we find nothing in the evidence to justify such a conclusion, except so far as every man may be insane who loses his temper or does a silly act which results in his injury. There is nothing in the evidence which justifies the conclusion that the condition of this man's mind was such as to make him irresponsible for his acts. If, instead of abusing his superior officer, he had assaulted him, and a criminal prosecution had resulted, there is nothing in this evidence which would have justified a jury in finding that he was not responsible for his crime. His nerves may have been unstrung, and he may have been rendered suspicious and petulant because of some supposed conpiracy against him; but these facts did not render him irresponsible for his acts, and unless such a condition of mind is shown, and, upon a proceeding such as this, so conclusively shown that the court would reverse the verdict of a jury, this court cannot interfere. The evidence utterly fails to establish any such condition of mind. In fact no justification whatever was offered for the conduct of the relator. The writ should be dismissed, with costs. All concur.